# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIRIAM FULTZ; DARLEEN DALTO; LUCINDA RADAKER; LACEY BAINBRIDGE; CAROL SHANER; JASON KOHUTE; KURTIS COATES, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 13; THOMAS W. WOLF, in his official capacity as Governor of the Commonwealth of Pennsylvania; MICHAEL NEWSOME, in his official capacity as Secretary of the Pennsylvania Office of Administration; BRIAN T. LYMAN, in his official capacities as Chief Accounting Officer for the Commonwealth of Pennsylvania and Deputy Secretary for the Office of Comptroller Operations, <br><br> Defendants. | Case No. _____ <br><br> (Hon. _____) <br><br><br> **COMPLAINT—CLASS ACTION** <br><br><br> --ELECTRONICALLY FILED-- |

AND NOW come Plaintiffs Miriam Fultz, Darleen Dalto, Lucinda Radaker, Lacey Bainbridge, Carol Shaner, Jason Kohute, and Kurtis Coates (collectively, "Plaintiffs"), by and through their undersigned attorneys, and state the following claims for relief against Defendant American Federation of State, County and Municipal Employees, Council 13 ("Council 13"); and Defendants Thomas W. Wolf, in his official capacity as Governor of the Commonwealth of Pennsylvania; Michael

1

Newsome, in his official capacity as Secretary of the Pennsylvania Office of Administration; and Brian T. Lyman, in his official capacities as Chief Accounting Officer for the Commonwealth of Pennsylvania and Deputy Secretary for the Office of Comptroller Operations (collectively, "Commonwealth Defendants"), and aver as follows:

## SUMMARY OF THE CASE

1.      This is a civil rights action pursuant to 42 U.S.C. § 1983 for injunctive, declaratory, and monetary relief to redress the ongoing deprivation of rights, privileges, and/or immunities under the First and Fourteenth Amendments to the United States Constitution caused by Defendants' contracts, policies, and practices that violate Plaintiffs' and proposed class members' rights.

2.      The United States Supreme Court held that the First Amendment to the Constitution prohibits the government and unions from compelling nonmember public employees to pay dues or fees to a union as a condition of employment. *See Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018). Defendants are violating Plaintiffs' and proposed class members' rights by requiring the deduction and payment of union dues or fees from their wages as a condition of their employment. In so doing, Defendants have created a group of nonmembers whom they require to pay full union dues or fees, in violation of constitutional law and without any of the established procedural safeguards for forcing nonmembers to financially support Council 13.

3.     This deprivation of rights under color of state law is caused by Defendants' contracts and joint policies and practices, as authorized by state law, in continuing to seize and accept payments equal to full union dues or fees from Commonwealth employees' wages despite their status as nonmembers of Council 13 and without a valid waiver of their constitutional rights and/or without the constitutionally required procedural protections.

4.     Because Defendants continue to have union dues or fees deducted from Plaintiffs' and proposed class members' wages, Plaintiffs seek injunctive and declaratory relief against all Defendants, as well as compensatory and nominal damages against Council 13 for the violation of First and Fourteenth Amendment rights, in addition to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

5.     This action arises under the Constitution and laws of the United States of America, including the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of Plaintiffs' rights, privileges, and immunities under the Constitution of the United States, and particularly the First and Fourteenth Amendments; and 42 U.S.C. § 1988.

6.     This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331—because the claims arise under the United States Constitution—and 28 U.S.C. § 1343—because they seek relief under 42 U.S.C. § 1983.

3

7.     This action is an actual controversy in which Plaintiffs seek a declaration of their rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare plaintiffs' rights and grant further necessary and proper relief, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

8.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because one or more defendants are domiciled in, and operate or do significant business in, this judicial district and a substantial part of the events giving rise to the claims below occurred in this judicial district.

## PARTIES

9.     Plaintiff Miriam Fultz is, and was at all times relevant hereto, a "Public employe," 43 P.S. § 1101.301(2), and "Commonwealth employe," 43 P.S. § 1101.301(15), as defined in Pennsylvania's Public Employe Relations Act ("PERA"), employed by the Commonwealth of Pennsylvania as a psychiatric aide at the Danville State Hospital, in a bargaining unit represented, exclusively for purposes of collective bargaining, by Council 13. Ms. Fultz was a member of Council 13, but resigned her Council 13 union membership on or about June 29, 2020.

10.     Plaintiff Darleen Dalto is, and was at all times relevant hereto, a "Public employe," 43 P.S. § 1101.301(2), and "Commonwealth employe," 43 P.S. § 1101.301(15). She is employed by the Commonwealth of Pennsylvania as a custodian at the Danville State Hospital, in a bargaining unit represented, exclusively

for purposes of collective bargaining, by Council 13. Ms. Dalto was a member of Council 13, but resigned her Council 13 union membership on or about June 12, 2020.

11.     Plaintiff Lucinda Radaker is, and was at all times relevant hereto, a "Public employe," 43 P.S. § 1101.301(2), and "Commonwealth employe," 43 P.S. § 1101.301(15). She is employed by the Commonwealth of Pennsylvania as a Secretarial Supervisor II at the Workers Compensation Office of Adjudication in Brookville, Pennsylvania, in a bargaining unit represented, exclusively for the purposes of collective bargaining, by Council 13. Ms. Radaker was a member of Council 13, but resigned her Council 13 union membership on or about June 22, 2020.

12.     Plaintiff Lacey Bainbridge is, and was at all times relevant hereto, a "Public employe," 43 P.S. § 1101.301(2), and "Commonwealth employe," 43 P.S. § 1101.301(15), as defined in Pennsylvania's Public Employe Relations Act ("PERA"), employed by the Commonwealth of Pennsylvania as a licensed practical nurse at the Wernersville State Hospital, in a bargaining unit represented, exclusively for purposes of collective bargaining, by Council 13. Ms. Bainbridge was a member of Council 13, but resigned her Council 13 union membership on or about June 2, 2020.

13.     Plaintiff Carol Shaner is, and was at all times relevant hereto, a "Public employe," 43 P.S. § 1101.301(2), and "Commonwealth employe," 43 P.S. § 1101.301(15), as defined in Pennsylvania's Public Employe Relations Act ("PERA"), employed by the Commonwealth of Pennsylvania as a licensed practical nurse at the

Wernersville State Hospital, in a bargaining unit represented, exclusively for purposes of collective bargaining, by Council 13. Ms. Shaner was a member of Council 13, but resigned her Council 13 union membership on or about July 24, 2020.

14.     Plaintiff Jason Kohute is, and was at all times relevant hereto, a "Public employe," 43 P.S. § 1101.301(2), and "Commonwealth employe," 43 P.S. § 1101.301(15), as defined in Pennsylvania's Public Employe Relations Act ("PERA"), employed by the Commonwealth of Pennsylvania as a clerk typist at the Pennsylvania Department of Transportation, in a bargaining unit represented, exclusively for purposes of collective bargaining, by Council 13. Mr. Kohute was a member of Council 13, but resigned his Council 13 union membership on or about September 21, 2020.

15.     Plaintiff Kurtis Coates is, and was at all times relevant hereto, a "Public employe," 43 P.S. § 1101.301(2), and "Commonwealth employe," 43 P.S. § 1101.301(15), as defined in Pennsylvania's Public Employe Relations Act ("PERA"), employed by the Commonwealth of Pennsylvania as a transportation construction inspector at the Pennsylvania Department of Transportation, in a bargaining unit represented, exclusively for purposes of collective bargaining, by Council 13. Mr. Coates was a member of Council 13, but resigned his Council 13 union membership on or about June 29, 2020.

16.     Defendant Council 13 is an "Employe organization," 43 P.S. § 1101.301(3), and "Representative," 43 P.S. § 1101.301(4), within the meaning of

PERA. Pursuant to collective bargaining agreements, Council 13 represents certain employees of the Commonwealth of Pennsylvania, including Plaintiffs and proposed class members, exclusively for purposes of collective bargaining with the Commonwealth. Council 13 maintains a place of business at 4031 Executive Park Drive, Harrisburg, Pennsylvania, and conducts its business and operations throughout the Commonwealth of Pennsylvania, including the Middle District of Pennsylvania.

17.    Defendant Thomas W. Wolf is Governor of the Commonwealth of Pennsylvania and is generally responsible for the operations of the Commonwealth and the enforcement of its laws, including labor relations. The Commonwealth is a "Public employer" within the meaning of PERA, 43 P.S. § 1101.301(1). Through its officers and agents, the Commonwealth negotiated for and entered into the collective bargaining agreement with Council 13 that governs Plaintiffs' and proposed class members' terms and conditions of employment (the "CBA"). Governor Wolf is sued in his official capacity.

18.    Defendant Michael Newsome is Secretary of the Office of Administration. On information and belief, Mr. Newsome negotiated, entered into, and is the signatory to, on behalf of the Commonwealth, the CBA governing the terms and conditions of employment for Plaintiffs and proposed class members. Additionally, on information and belief, Mr. Newsome is responsible for human relations for Commonwealth employees. Mr. Newsome is sued in his official capacity.

19.     Defendant Brian T. Lyman, Chief Accounting Officer for the Commonwealth of Pennsylvania and Deputy Secretary for the Office of Comptroller Operations, is responsible for, among other duties, issuing wages to employees of the Commonwealth, including Plaintiffs and proposed class members. He oversees the payroll system for the Commonwealth, which includes processing union dues and other payroll deductions pursuant to the requirements of the CBA. Mr. Lyman is sued in his official capacity.

## CLASS ACTION ALLEGATIONS

20.     Plaintiffs Fultz, Dalto, Radaker, Bainbridge, and Kohute ("proposed Class Representatives") bring this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(2) and, alternatively, 23(b)(3), for themselves and for all others similarly situated.

21.     Proposed Class Representatives seek to represent a class for all counts consisting of all former, current, and future employees of the Commonwealth of Pennsylvania who resigned their Council 13 union membership on or subsequent to November 12, 2018, but who had, have, or will have Council 13 union dues or fees deducted from their wages by Commonwealth Defendants after they resigned or will resign their Council 13 union membership.

22.     Upon information and belief, proposed Class Representatives estimate the class size to be at least 100 individuals. The number of individuals in the class is

thus so numerous and contained in varying locations and jurisdictions across the Commonwealth of Pennsylvania that joinder is impracticable.

23.    There are questions of law and/or fact common to all proposed class members, including proposed Class Representatives, which include whether Defendants violate proposed Class Representatives' and proposed class members' constitutional rights under the First and Fourteenth Amendments of the United States Constitution when: (a) Defendants deduct and receive union dues or fees from proposed Class Representatives' and proposed class members' wages despite their not being members of Council 13; or, alternatively, (b) Defendants continued deduction and receipt of union dues or fees from proposed Class Representatives' and proposed class members' wages without providing meaningful notice or an opportunity to object to the deductions, the process by which the money is or was deducted, or the ways in which the money is or was used.

24.    Proposed Class Representatives' claims are typical of the claims of the proposed class members because all have been subjected to the same deprivation of rights by Defendants' contracts and joint policies and practices of deducting union dues or fees from proposed Class Representatives' and proposed class members' wages despite the public employees' status as union nonmembers.

25.    Proposed Class Representatives can fairly and adequately represent the interests of the proposed class members. They have no conflict with proposed class members, who also have had or will have union dues or fees deducted from their

wages by Defendants after they resigned or resign their Council 13 membership. Proposed Class Representatives have also retained class counsel adequate to represent both themselves and the proposed class members.

26.     Any revoked dues deduction authorizations and the CBA's dues deduction provision in Article 4, upon which Defendants rely in whole or in part to deny proposed Class Representatives' and proposed class members' requests to end financial support of Council 13, apply equally to proposed Class Representatives and proposed class members. The prosecution of separate actions by individual proposed class members would create a risk of inconsistent and varying adjudications, which would establish incompatible standards of conduct for Defendants.

27.     Defendants have acted and continue to act in concert to deprive proposed Class Representatives and each proposed class member of his or her constitutional and civil rights on the same purported grounds, which are generally applicable to all, thereby making declaratory and injunctive relief appropriate against Defendants and monetary relief appropriate against Council 13 for all proposed Class Representatives and any proposed class members.

28.     Alternatively, a class action by the class can be maintained under Rule 23(b)(3) because the questions of law or fact raised in this Complaint concerning the constitutional and civil rights of public employees who have sought to end financial support of Council 13 are common to the proposed Class Representatives and the

proposed class members and predominate over any questions affecting an individual proposed class member.

29.    A class action is superior to other available methods for fair and efficient adjudication of the controversies, in that proposed Class Representatives and proposed class members are deprived of the same constitutional and civil rights by Defendants' joint policies and practices, CBA provisions, state law, and the revoked dues deduction authorizations, upon which Defendants rely to deduct union dues or fees from proposed Class Representatives and proposed class members, differing only in immaterial aspects of their factual situations.

30.    Defendants' actions in continuing union dues or fees deductions from all proposed Class Representatives and proposed class members were taken pursuant to the same CBA, state law provisions, and revoked dues deduction authorization provisions, as well as Defendants' policies and procedures, and constitute a concerted scheme that results in the violation of proposed Class Representatives' and proposed class members' rights.

31.    The limited amount of money at stake for each individual proposed class member makes it burdensome and undesirable for proposed Class Representatives and proposed class members to maintain individual, separate actions.

32.    Proposed Class Representatives are currently unaware of any similar litigation concerning the controversy set forth in this Complaint filed either by

Plaintiffs, proposed Class Representatives, and/or proposed class members or filed against Plaintiffs, proposed Class Representatives, and/or proposed class members.

33.     The chosen forum, the United States District Court for the Middle District of Pennsylvania, is the most desirable forum for this action as the action raises federal questions, over which a federal district court has proper jurisdiction. Furthermore, a significant portion of the actions giving rise to the controversy set forth herein arise in full or in large part in the Middle District of Pennsylvania, and at least some of the Defendants reside and/or maintain offices and conduct significant business herein.

34.     Proposed Class Representatives do not anticipate or foresee any difficulties in managing this action as a class action. Proposed Class Representatives have retained counsel experienced in the particular issues and areas of law raised in this action and lead counsel experienced in litigating and managing class actions of this nature. Furthermore, proposed Class Representatives' counsel are provided to them, Plaintiffs, and proposed class members pro bono by a public interest non-profit law firm that provides free legal aid to individuals such as proposed Class Representatives, Plaintiffs, and proposed class members. These attorneys are experienced in representing public employees in federal civil rights litigation, having litigated constitutional and statutory cases in this area of law. These attorneys are best able to represent the interests of the proposed class members and will fairly, zealously, and adequately do so.

35.     At this time, proposed Class Representatives do not anticipate the need for any notice to class members if this action is certified pursuant to Rules 23(b)(1) or (b)(2) of the Federal Rules of Civil Procedure. If certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, proposed Class Representatives anticipate that notice would be sent to class members via first-class mail and electronic means, addressed to all class members' last known mailing and electronic mail address on file with Defendants.

## FACTUAL ALLEGATIONS

36.     Acting in concert under color of state law, the Commonwealth of Pennsylvania, through Secretary Newsome, and Council 13 have entered into the collective bargaining agreements that have controlled the terms and conditions of Plaintiffs' and proposed class members' employment at all relevant times hereto.

37.     The term of the CBA currently governing Plaintiffs' and proposed class members' employment is July 1, 2019, to June 30, 2023. Relevant portions of the CBA are attached hereto as "Exhibit A," and incorporated by reference herein.

38.     PERA defines "membership dues deduction" as "the practice of a public employer to deduct from the wages of a public employe, with his written consent, an amount for the payment of his membership dues in an employe organization, which deduction is transmitted by the public employer to the employe organization." 43 P.S. § 1101.301(11).

39.   PERA authorizes public employers and employee organizations and/or representatives to engage in collective bargaining relevant to membership dues deductions. 43 P.S. § 1101.705.

40.   Accordingly, the CBA contains an Article 4 "Dues Deduction" provision, which requires the Commonwealth of Pennsylvania, as employer, to deduct dues from the wages of an employee for Council 13, subject to the terms and conditions of the CBA. Article 4 provides that it will be "determined by the Union" when deductions should cease, and that "the Employer shall rely on the information provided by the Union to cancel or change authorizations." *See* Ex. A, art. 4, sec. 1.

41.   Article 4 also contains a provision that provides that Council 13 "shall indemnify and hold the Employer harmless" for actions "taken or not taken by the Employer under the provisions of this Article." *See* Ex. A, art. 4, sec. 7.

42.   After beginning their employment with the Commonwealth in a bargaining unit represented by Council 13, Plaintiffs and proposed class members became members of Council 13.

43.   Plaintiffs and proposed class members all resigned their Council 13 union memberships.

44.   Plaintiffs and proposed class members all caused notice of their union membership resignations to be provided to Council 13 and the Commonwealth, and/or their agents or officials.

45.    Defendants do not consider Plaintiffs and proposed class members to be members of Council 13.

46.    Defendants refused to stop deducting dues from Plaintiffs' and proposed class members' wages for Council 13 as of the date of Plaintiffs' and proposed class members' membership resignations from Council 13.

47.    Even though Plaintiffs and proposed class members are not members of Council 13, Defendants have and do represent to Plaintiffs and proposed class members that they must continue dues deductions to and financial support of Council 13 indefinitely, at least until a purported annual 15-day escape window.

48.    Defendants require Plaintiffs and proposed class members to re-notify both Council 13 and the Commonwealth of their desire to end financial support of Council 13 within the purported 15-day escape window in order to have the Commonwealth cease deducting financial support for Council 13 from Plaintiffs' and proposed class members' wages.

49.    Nevertheless, Plaintiffs and proposed class members are told by Council 13 that they are not entitled to union member rights and benefits as of the date of their resignations even though Plaintiffs and proposed class members continue to have union dues or fees deducted from their wages.

50.    Defendants never provided Plaintiffs and proposed class members with written notice of their constitutional rights, including the right to choose not to pay any dues or fees to Council 13 as a nonmember or to due process, including notice

and an opportunity to object to how any nonconsensual dues or fees taken from them are used.

51.     No Defendant or any official of Defendants asked Plaintiffs or proposed class members to agree to pay money to Council 13 as nonmembers of Council 13, or to otherwise waive any constitutional rights, following Plaintiffs' and proposed class members' resignations from Council 13 membership.

52.     Plaintiffs and proposed class members never received notice from Defendants that they had the constitutional right not to pay union dues or fees to Council 13 when they were not members of Council 13.

53.     Plaintiffs and proposed class members never waived their constitutional rights as nonmembers not to pay union dues or fees to Council 13.

54.     Commonwealth Defendants, acting in concert with Council 13, have refused and do refuse to immediately end dues deductions from Plaintiffs' and proposed class members' wages when Plaintiffs and proposed class members resign their Council 13 union memberships.

55.     Defendants, pursuant to the CBA, other agreements between them, and/or their joint policies and practices, have acted and/or act in concert under color of state law to collect, distribute, accept, and/or retain union dues or fees deducted from Plaintiffs' and proposed class members' wages after their membership resignations.

56.     Additionally, on information and belief, even after notification to Defendants by Plaintiffs or proposed class members of their revocation of dues deduction authorization within the purported 15-day escape window, Commonwealth Defendants have continued to and/or will continue to deduct union dues or fees for Council 13 from Plaintiffs' and proposed class members' wages.

57.     Additionally, on information and belief, even after Plaintiffs' or proposed class members' notification to Defendants of their revocation of dues deduction authorization within the purported 15-day escape window, Council 13 has accepted and retained and/or will accept and retain union dues or fees deducted from Plaintiffs' and proposed class members' wages.

58.     Continually since the dates of Plaintiffs' resignations from Council 13, Mr. Lyman, in his role overseeing the Office of Comptroller Operations, acting in concert with Council 13, has continued to deduct purported union dues or fees from Plaintiffs' wages.

59.     On information and belief, Mr. Lyman, acting in concert with Council 13, continued and/or has continued to deduct purported union dues or fees from proposed class members' wages after the dates of their resignations from Council 13.

60.     Continually since the dates of Plaintiffs' resignations from Council 13, Council 13 has continued to take, receive, and/or accept purported union dues or fees from Plaintiffs' wages.

61.     On information and belief, Council 13 continued and/or has continued to take, receive, and/or accept purported union dues or fees deducted from proposed class members' wages after the dates of their resignations from Council 13.

62.     Defendants have taken and continue to take and have accepted and continue to accept purported union dues or fees from Plaintiffs' and proposed class members' wages against Plaintiffs' and proposed class members' wills and without their consent.

63.     Defendants, acting in concert under color of state law, have provided Plaintiffs and proposed class members no meaningful notice or opportunity to object to the deductions, the process by which the money is deducted, or the ways in which their money is used.

64.     On information and belief, Council 13 uses the financial support forcibly seized from Plaintiffs and proposed class members while they are nonmembers for purposes of political speech and activity, among other purposes.

## CLAIMS FOR RELIEF

### COUNT ONE
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

65.     Plaintiffs re-allege and incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

66.     The First Amendment to the Constitution of the United States protects the associational, free speech, and free choice rights of United States citizens, and the

Fourteenth Amendment to the Constitution of the United States incorporates the protections of the First Amendment against the States.

67.     The First Amendment requires that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Janus*, 138 S. Ct. at 2486.

68.     Because Plaintiffs and proposed class members are nonmembers employed in a bargaining unit represented exclusively for collective bargaining by Council 13, the First Amendment protects them from being forced to financially support or otherwise be associated with Council 13.

69.     Because Plaintiffs and proposed class members are not members of Council 13, the First Amendment protects them from having Commonwealth Defendants deduct nonconsensual financial support from their wages for Council 13.

70.     A valid waiver of constitutional rights requires clear and compelling evidence that the putative waiver was voluntary, knowing, and intelligent and that enforcement of the waiver is not against public policy. Defendants bear the burden of proving that these criteria are satisfied.

71.     Plaintiffs and proposed class members have not waived their constitutional rights as nonmembers not to provide financial support via payroll deduction or other method to Council 13.

72.     Plaintiffs and proposed class members did not waive their constitutional rights not to financially support Council 13 after they became nonmembers following their resignations of membership in Council 13.

73.     Council 13 is acting in concert and under color of state law with the Commonwealth of Pennsylvania, by and through its agents, including Defendant Lyman, to seize and/or accept deductions of payments from Plaintiffs' and proposed class members' wages.

74.     These forced payroll deductions violate Plaintiffs' and proposed class members' rights protected by the First and Fourteenth Amendments to the United States Constitution, and violate 42 U.S.C. § 1983, by causing them to provide financial support, including of the political activities and speech of Council 13, without their consent.

75.     Defendant Lyman is acting under color of state law in seizing payments from Plaintiffs' and proposed class members' wages via payroll deduction, in concert with Council 13 and pursuant to their joint policies and practices and the provisions of the CBA between them, despite Plaintiffs' and proposed class members' status as nonmembers of Council 13 and their revocation of consent to payroll deductions.

76.     Defendants, by deducting and collecting financial support from Plaintiffs and proposed class members via payroll deduction despite Plaintiffs' and proposed class members' revocation of consent to dues deductions, and without clear and compelling evidence that they have waived their constitutional rights, are depriving

20

Plaintiffs and proposed class members of their First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

77.   As a direct result of Defendants' concerted actions, taken pursuant to state law, their CBA, revoked dues deduction authorizations, and their joint policies and practices, Plaintiffs and proposed class members:

> a.   are being prevented from exercising their rights and privileges as citizens of the United States not to fund and support the agenda, activities, expenses, and speech of a private organization;

> b.   are being deprived of their civil rights guaranteed under the Constitution and statutes of the United States; and

> c.   are suffering or have suffered monetary damages and other harm.

78.   If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Plaintiffs' and proposed class members' constitutional rights, thereby causing them irreparable harm.

### COUNT TWO (Alternative to Count One)
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

79.   Plaintiffs re-allege and incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

80.   The Fourteenth Amendment to the Constitution of the United States guarantees due process to citizens facing deprivation of liberty or property by state

actors. "At the core of procedural due process jurisprudence is the right to advance notice of significant deprivations of liberty or property and to a meaningful opportunity to be heard." *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998); *see also Mathews v. Eldridge*, 424 U.S. 319, 336 (1976).

81.     Additionally, public-sector unions and public employers have a responsibility to provide procedures that minimize constitutional impingement inherent in compelled association and speech and facilitate the protection of public employees' rights. *See Chi. Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292, 307 & n.20 (1986).

82.     Defendants have not implemented policies and procedures that are narrowly tailored to reduce the impingement on Plaintiffs' constitutional rights, including the constitutionally required procedures and disclosures regarding the use of union dues or fees taken from them, as recognized in *Hudson*.

83.     Defendants have not provided Plaintiffs and proposed class members with notice of or a meaningful opportunity to object to the continued seizure of a portion of their wages via payroll deductions by Commonwealth Defendants for Council 13 or the use of their funds by Council 13.

84.     Defendants have not acted and/or will not act to end deductions and/or refund union dues or fees improperly deducted from the wages of Plaintiffs and proposed class members immediately after the purported 15-day escape window

passes, and despite Defendants' notice of Plaintiffs' and proposed class members'

revocation of consent to deductions of union dues or fees.

85.     Plaintiffs and proposed class members have never waived their due

process rights, including their rights not to subsidize the speech and activities of

Council 13.

86.     As a direct result of Defendants' concerted actions, taken pursuant to

state law, their CBA, revoked dues deduction authorizations, and their joint policies

and practices, Plaintiffs and proposed class members:

a.     are being prevented from exercising their rights and privileges as

citizens of the United States to disassociate from and no longer support the agenda,

activities, speech, and expenses of a private organization which they object to

supporting;

b.     are being deprived of their civil rights guaranteed under the

Constitution and statutes of the United States and have suffered monetary damages

and other harm; and

c.     are in imminent danger of suffering irreparable harm, damage, and

injury inherent in the violation of First and Fourteenth Amendment rights, for which

there is no adequate remedy at law.

87.     If not enjoined by this Court, Defendants and/or their agents will

continue to effect the aforementioned deprivations and abridgments of Plaintiffs' and

proposed class members' constitutional rights, thereby causing them irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court order the following relief:

A.      **Certification:** An order, as soon as practicable, certifying this case as a class action, certifying the class as defined in this Complaint, certifying proposed Class Representatives (Plaintiffs Fultz, Dalto, Radaker, Bainbridge, and Kohute) as class representatives, and appointing Plaintiffs' counsel as class counsel;

B.      **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring:

      i.          that any taking of union dues or fees from Plaintiffs and proposed class members after they resigned their Council 13 membership and without proper constitutional notice and waiver violates their rights under the First and Fourteenth Amendments to the Constitution of the United States, and that any provisions in PERA, the CBA, or any purported dues deduction authorizations that authorize such deductions of union dues or fees are unconstitutional;

      ii.         or, alternatively, that the First and Fourteenth Amendments require Council 13 to provide Plaintiffs and proposed class members with constitutionally adequate notice and a meaningful opportunity to object to the nonconsensual monies being seized from them and the purposes for which the monies are used, including the notice and procedures required by *Hudson*.

C.    **Injunctive:** A permanent injunction requiring Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them:

i.        not to enforce any purported dues deduction authorizations against Plaintiffs and proposed class members after resignation of their Council 13 memberships without proper constitutional notice and waiver or to otherwise engage in conduct or enforce any provisions of PERA or the CBA declared unconstitutional under Part B;

ii.       not to collect any money from Plaintiffs or proposed class members in the form of union dues or fees, through deductions from their wages or any other manner, or otherwise seek to enforce the terms of any purported dues deduction authorizations after resignation of their Council 13 memberships without proper constitutional notice and waiver;

iii.      to provide notice to all members of Council 13 that the purported 15-day escape window and other challenged provisions relating to the termination of financial support of Council 13 are unenforceable;

iv.       or, alternatively, to provide constitutionally adequate notice and procedures regarding the Commonwealth's payroll deductions of forced financial support of Council 13 from Plaintiffs' and class members' wages.

D.    **Monetary:** A judgment against Council 13 awarding Plaintiffs and proposed class members nominal and compensatory damages for the injuries sustained as a result of Defendants' unlawful interference with and deprivation of

their constitutional and civil rights including, but not limited to, the amount of dues deducted from Plaintiffs' and proposed class members' wages after their resignation of Council 13 union membership, plus interest thereon, and such amounts as principles of justice and compensation warrant;

E.     **Attorneys' Fees and Costs:** A judgment against Council 13 awarding Plaintiffs costs and reasonable attorneys' fees under 42 U.S.C. § 1988;

F.     **Jurisdiction:** An order retaining jurisdiction over this action for a reasonable period of time after entering a final judgment to ensure Defendants comply with the Orders of this Court; and

G.     **Other:** Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THE FAIRNESS CENTER

Dated: November 12, 2020     By:     _s/ Nathan J. McGrath_
                                     Nathan J. McGrath
                                     Pa. Attorney I.D. No. 308845
                                     E-mail: njmcgrath@fairnesscenter.org
                                     Danielle R.A. Susanj
                                     Pa. Attorney I.D. No. 316208
                                     E-mail: drasusanj@fairnesscenter.org
                                     Justin T. Miller
                                     Pa. Attorney I.D. No. 325444
                                     E-mail: jtmiller@fairnesscenter.org
                                     Curtis M. Schube
                                     Pa. Attorney I.D. No. 325479
                                     E-mail: cmschube@fairnesscenter.org
                                     THE FAIRNESS CENTER
                                     500 North Third Street, Floor 2

Harrisburg, Pennsylvania 17101
Phone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiffs*